UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ETDO PRODUCTIONS, LLC | * | |
| | * | CIVIL ACTION NO.: |
| Plaintiff, | | |
| | * | |
| -against- | * | 2:19-cv-13184-ILRL-DMD |
| | * | |
| ALFREDO CRUZ, MICHELLE ROSSI, | * | JURY TRIAL |
| MICHELLE HUDAK, MARISA | * | |
| NAQUIN, SONYA BOURGEOIS, | * | |
| LISETTE BAYLE, RENEE PASTOR, | * | |
| AND DISCO AMIGOS SOCIAL AID | * | |
| AND PLEASURE CLUB | * | |
| Defendants. | * | |
| | * | |
| DISCO AMIGOS SOCIAL AID AND | * | |
| PLEASURE CLUB, | * | |
| Counterclaimant | * | |
| | * | |
| -against- | * | |
| | * | |
| ETDO PRODUCTIONS, LLC, JERRY | * | |
| LENAZ, and FRANCOIS CAMENZULI, | * | |
| Counter-Defendants | * | |
| | * | |
| | * | |

*******************************************

**<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANTS'
COUNTERCLAIMS AGAINST THIRD PARTY DEFENDANTS
JERRY LENAZ AND FRANCOIS CAMENZULI</u>**

MAY IT PLEASE THE COURT:

**I.     INTRODUCTION**

Plaintiff, ETDO Productions, LLC, brought this action based in federal and state trademark law against certain individual Defendants and the Disco Amigos Social Aid and Pleasure Club. Defendants answered and filed a counterclaim against two individuals, Jerry Lenaz and Francois Camezuli, the original founders and creators of the trademark "Disco Amigos" and its logo. The counterclaims should be dismissed as they are unrelated to federal lawsuit and do not arise out of a common nexus of fact that would give this Court the discretion to exercise supplemental jurisdiction over them.

**II.    BACKGROUND**

The phrase "Disco Amigos" was coined by Francois Camenzuli on November 16, 2011 during a trip to the Macy's Parade in New York City.[1] The logo of a disco ball with horns and nose ring was created by Jerry Lenaz on February 15, 2012.[2] Mr. Lenaz and Mr. Camenzuli created the phrase and logo in pursuit of a dream—to host the "World's Largest Disco Party."[3]

Camenzuli and Lenaz were instrumental in forming a Louisiana non-profit corporation "Disco Amigos Social Aid and Pleasure Club" (the "Non-Profit"). When the Non-Profit was formed, they granted the Non-Profit implied licenses which allowed it to use their respective trademarks and intellectual properties: namely the trademark phrase "Disco Amigos" coined by Mr. Camenzuli and the logo designed by Mr. Lenaz.[4]

---

[1] R. Doc. 1 ¶2
[2] R. Doc. 1 ¶2
[3] R. Doc. 1 ¶2
[4] R. Doc. 1 ¶3

In 2015, Lenaz and Camenzuli founded ETDO PRODUCTIONS, LLC to manage the Non-Profit's assets and events.[5] The intellectual property rights belonging to Jerry Lenaz and Francois Camenzuli were transferred to ETDO and remain with ETDO today.[6]

In 2019, as ETDO and the Non-Profit began contemplating changes in structure, the board of the Non-Profit came to a deadlock.[7] While three members of the Non-Profit's board, who also comprise the Executive Committee of the Board, agreed that a license agreement with ETDO regarding the Non-Profit's use of the trademark was proper, the other five members disagreed and insisted that such an agreement was unnecessary.[8] Five members of the Board decided to infringe ETDO's trademark, arguing without legal basis that the trademark belongs entirely to the Non-Profit, not ETDO. The remaining three members of the Board, who are also the Executive Committee of the Board of Directors, disagreed and tried to stop the Non-Profit's use of the trademark without an executed license agreement.[9] The Board could not and has not resolved the deadlock to this date.

When the Non-Profit failed to enter into a formal license agreement with ETDO, the implied licenses previously granted to the Non-Profit were revoked. However, the Infringing Board Members have continued to operate in the name of the Non-Profit and have improperly used ETDO's trademarks with neither permission nor license.[10]

---

[5] R. Doc. 1 ¶3
[6] R. Doc. 1 ¶4
[7] R. Doc. 1 ¶6
[8] R. Doc. 1 ¶6
[9] R. Doc. 1 ¶6
[10] R. Doc. 1 ¶7

ETDO brought the action at law and in equity for trademark infringement and dilution, unfair competition, and unfair business practices and seeks dismissal of the state claims that are unrelated to the disposition of the trademark issues.

### III.  LAW AND ARGUMENT

#### A. Supplemental Jurisdiction

In 1990, Congress enacted the supplemental jurisdiction statute, 28 USC § 1367, which codified the former common law doctrine of pendent jurisdiction. Under Section 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Such supplemental jurisdiction "shall include claims that involve the joinder or intervention of additional parties." See 28 USC § 1367 (a)[2].

Thus, as long as the complaint sets forth a claim "arising under" federal law, the district court may, at its discretion, adjudicate state law claims *sufficiently related* to the federal claims such that they form part of the same "case or controversy." The statute does not define "same case or controversy," though the text of the statute clearly extends jurisdiction to the limits of Article III. The legislative history of the section, however, demonstrates that Congress viewed the test enunciated by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) as expressing the proper constitutional limits.

### B. United Mine Workers v. Gibbs

In *Gibbs*, the Court held that federal courts have jurisdiction over state law claims that "derive from a common nucleus of operative fact" such that "the relationship between . . . [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" The federal claim must have substance to confer subject matter jurisdiction on the court, and the state and federal claims must derive from a common nucleus of operative fact. However, if considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

### C. Inapplicability of Supplemental Jurisdiction to the Instant Case

To determine whether Defendant's counterclaims against individuals, Jerry Lenaz and Francois Camenzuli, are within the Court's supplemental jurisdiction, the relevant question is whether the state law claims asserted against them form part of the same common nucleus of operative facts as Plaintiff's jurisdiction invoking claims – here, the trademark case.

Defendant's counterclaims do not share such a rela-tionship with the original claims against Defendants, and any liability brought under Plaintiff's claim has no material relation to Defendant's counterclaims. Defendants are attempting to bootstrap state law claims into federal court by combining them with trademark suits. However, Courts have consistently found that the mere existence of a relationship does not automatically create a common nucleus of operative facts.

The facts relevant to resolve defendant's counterclaims are separate and distinct from the facts needed to resolve plaintiff's trademark claims. Lenaz and Camenzuli's alleged negligent conduct of failing to present a budget to the Non-Profit and breach of fiduciary duty by voting and staying on as executive committee members of the Non-Profit occurred in the course of scope of acting as the executive committee of the Non-Profit and is not an operative fact to the trademark issues between ETDO and the Non-Profit.[11] These are allegations of internal corporate issues better left for state court litigation. Further, a Civil District Court case seeking dissolution of the Non-Profit between these parties is already pending in *Janowski v. Disco Amigos*, Case No. 19-09947.

As the Court held in *Mason v. Richmond Motor Co.*, "[m]ere commonality of facts is insufficient. *Mason v. Richmond Motor Co.*, 625 F. Supp. 883 (E.D. Va. 1986). Even commonality at the nucleus is insufficient. The facts which operate to give rise to the federal claim must be the facts which operate to give rise to the State claim." *Mason v. Richmond Motor Co.*, 625 F. Supp. 883 (E.D. Va. 1986) The facts regarding the internal disputes within the Non-Profit does not give rise to any of the federal claims.

Further, as courts of limited jurisdiction, federal courts may exercise supplemental jurisdiction over state law claims asserted in limited circumstances as codified in 28 U.S.C.A. 1367. The law on supplemental jurisdiction sets up a three-tier inquiry for the court in determining whether or not the exercise of supplemental jurisdiction over state claims is proper.

First, the court must determine that the federal claim confers subject matter jurisdiction on the court. Next, the court must determine whether the state and federal claims derive from a

---

[11] R. Doc. 30 ¶¶95-107

common nucleus of facts. Finally, the court must determine whether or not the claims give rise to the expectation that they would ordinarily be tried in a single judicial proceeding. *MCI Telecommunications Inc v. Teleconcepts Inc*, 71 F.3d 1086 (1995), cert. denied 117 S. Ct. 64. The counter-plaintiff's state law claims, in particular Counts VIII and IX, fail the second and third levels of inquiry in this case because these are issues that would not be tried in one judicial procedding.

In a similar case involving a state and federal trademark dispute, a district court in Florida declined to extend supplemental jurisdiction to state law claims asserting breach of contract and fiduciary duty. *Barcel v. Lele*, 2005 No. 8:05-CV-1519-T-23, 2005 WL 3468282, at * 1 (M.D. Fla. Dec. 19, 2005). In *Barce*, plaintiffs asserted trademark infringement against a defendant corporation and also amalgamated state law claims against various individuals associated with, or formerly associated with, the defendant corporation. Similar to the case at hand, the amalgamated state law claims in *Barcel* included claims involving breach of fiduciary duty for internal corporate disputes.

In the decision to grant the motion to dismiss these state law claims, the Court found that the claims lacked the requisite nexus of facts required for the Court to exercise supplemental jurisdiction. The Court noted that, although there would likely be some overlap in the witnesses needed to prove both the state and federal claims asserted, the focus of the testimony in proving the claims would invariably differ.[12] Further, the evidence needed to prove the state law claims involving breach of fiduciary duty regarding internal budgets and resolutions would differ from the evidence needed to prove claims involving trademark infringement.

---

[12] *Barcel v. Lele*, 2005 No. 8:05-CV-1519-T-23, 2005 WL 3468282, at * 1 (M.D. Fla. Dec. 19, 2005)

Just like in *Barcel*, the counter-plaintiffs in this case are attempting to combine state claims against individual counter-defendants for breaches of fiduciary duty and duty of reasonable care and loyalty to the counter-plaintiff organization and argue that these claims are properly before the court as they arise from a common nexus of facts pursuant to 28 U.S.C. §1367. The evidence and witnesses required to prove these state law claims, as in *Barcel*, are substantially different from the evidence and witnesses required to resolve the trademark dispute at issue and thus, do not constitute the same claim or controversy. The trademark requires witnesses and evidence of first use of the trademark while the state law claims require evidence of the internal resolutions and corporate by-laws of the Non-Profit.

The claims asserted for breach of reasonable care and loyalty and the claims for breach of fiduciary duty both concern the Lenaz and Camenzuli's actions as executive committee members within the Non-Profit, and while there may be some connection to the overarching trademark claims here, that connection is tenuous and does not rise to the level that meets the applicable test relating to the Court's exercise of supplemental jurisdiction. There is no nexus of facts giving rise to the requirement that the claims arise from the same case or controversy, so the Court should dismiss these claims as the Court in *Barcel* did.

IV. **CONCLUSION**

For the reasons set forth above, the counterclaims should be dismissed as they are unrelated to federal law and do not arise out of a common nexus of fact that would give this Court the discretion to exercise supplemental jurisdiction over them.

Respectfully submitted:

VASQUEZ LAW

/s/ Jessica Vasquez
Jessica Vasquez (La Bar #27124)
400 Poydras Street Ste. 900
New Orleans, LA 70130
Tel:504/ 571.9582
Fax: 504/684.1449
jvasquez@vasquezlawoffice.com
ATTORNEY FOR LENAZ AND CAMENZULI