UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ETDO PRODUCTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>**ALFREDO CRUZ, MICHELE ROSSI, MICHELE HUDAK, MARISA NAQUIN, SONYA BOURGEOIS, LISETTE BAYLE, RENEE PASTOR**, and **DISCO AMIGOS SOCIAL AID AND PLEASURE CLUB**,<br><br>Defendants.<br><br>**DISCO AMIGOS SOCIAL AID AND PLEASURE CLUB**,<br><br>Counterclaimant,<br><br>v.<br><br>**ETDO PRODUCTIONS, LLC**, **JERRY LENAZ**, and **FRANCOIS CAMENZULI**,<br><br>Counter-Defendants. | **CIVIL ACTION NO. 19-CV-13184-ILRL-DMD**<br><br>**JUDGE IVAN L.R. LEMELLE**<br><br>**MAGISTRATE JUDGE DANA M. DOUGLAS** |

**COUNTERCLAIMANT'S MEMORANDUM IN OPPOSITION TO JERRY LENAZ AND FRANCOIS CAMENZULI'S MOTION TO DISMISS FOR LACK OF SUPPLEMENTAL JURISDICTION**

Counterclaimant, **DISCO AMIGOS SOCIAL AID AND PLEASURE CLUB**, ("Disco Amigos") by and through undersigned counsel, respectfully submits this memorandum in Opposition to the *Motion to Dismiss Defendants' Counterclaims Against Third Party Defendants Jerry Lenaz and Francois Camenzuli for Lack of Supplemental Jurisdiction* [Doc. 34] ("Motion") of Counter-Defendants, **JERRY LENAZ** ("Lenaz") and **FRANCOIS CAMENZULI** ("Camenzuli").

-1-

Lenaz and Camenzuli's Motion seeks dismissal of <u>all</u> counterclaims against them because, as they argue, the counterclaims "are unrelated to federal law and do not arise out of a common nexus of fact that would give this Court the discretion to exercise supplemental jurisdiction over them." [Doc. 34, p. 2, and 34-1, p. 9]. Disco Amigos respectfully requests this Court to deny the Motion because Lenaz and Camenzuli provide absolutely no legal or factual basis for dismissing Counts I-VII; and for their argument to dismiss Counts VIII and IX, Lenaz and Camenzuli outright avoid the indisputable causal effect between their self-dealing and negligence and this case and controversy as to who is the rightful owner of the Disco Amigos name and logo.

In further opposition, Disco Amigos submits the following:

**INTRODUCTION**

This case is a dispute as to priority of the Disco Amigos name and logo, where counter-defendants believe their creation of the name and logo and their formation of the non-profit corporation Disco Amigos establish their priority to the name and logo. The facts and law are to the contrary, as Disco Amigos is the first to actually use the name and logo in commerce in connection with its business dealings including contracts with parade groups and event organizers, and with the public at large, for all of its many and varied public appearances.[1] That is, counter-defendants have not shown and cannot show evidence of actual commercial use of the name and logo – any actual business dealing, whether a sale, acquiring members, or a contract with a parade group, an event organizer, or otherwise – in connection with arranging and conducting disco themed parties, parades, performances, etc. that predates Disco Amigos' activities.

---

[1] "It is axiomatic in trademark law that the standard test of ownership is priority of use. To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996)

Moreover, counter-defendants have yet to show evidence of the alleged "implied license," i.e., any evidence of their quality control over use of the name and logo between 2012 and the start of the controversy in 2019. Again, the facts and law are to the contrary, as the control of the use of the name and logo was exercised by the Board of Directors and Executive Committee of Disco Amigos – <u>neither</u> Lenaz <u>nor</u> Camenzuli individually.

Lenaz and Camenzuli's misrepresentation or otherwise woeful misconception of trademark law, including regarding priority of use to establish ownership and regarding licenses, has given rise to their wrongful conduct, and so damaging Disco Amigos and impeding their efforts to perform [Doc. 30, paras. 64-66], including without limitation:

- Lenaz and Camenzuli's – as Executive Committee members of the non-profit Disco Amigos and as owners of the for-profit ETDO PRODUCTIONS, LLC ("ETDO"), who previously only provided *production* services (i.e., sound, lighting, and effects equipment, and vehicular support) – attempt to misappropriate the Disco Amigos name and logo in a licensing scheme for their own personal gain by falsely "licensing" the name and logo to ETDO and then in turn attempting to license same back to Disco Amigos, threatening to dissolve the Board and the entire 501(c)(7) if Disco Amigos did not sign the licensing agreement, and thereafter pronouncing that there was a deadlock of the Board. [Doc. 30, paras. 28-41, 50-52, 97-98, 103].

- Lenaz and Camenzuli's filing of a federal application for registration of the Disco Amigos name under Serial No. 88/591,114 in the United States Patent and Trademark Office, falsely claiming ETDO's exclusive ownership of the mark among other things. [Doc. 30, para. 53, 98, 103].

- Lenaz and Camenzuli's filing of a federal application for registration of the Disco Amigos logo under Serial No. 88/591,141 in the United States Patent and Trademark Office, falsely claiming ETDO's exclusive ownership of the mark among other things. [Doc. 30, para. 54, 98, 103].

- Lenaz and Camenzuli's refusal to step down from their positions on the Board, and misrepresentation to the general members of Disco Amigos that they were making changes in the structure of the organization in order to protect and manage their alleged trademarks, intellectual property, and assets; and thereafter sending a cease-and-desist letter from ETDO to Disco Amigos and its representatives, accusing them of defamation and retracting any prior offers to license ETDO's alleged trademarks, and attempting to bar Disco Amigos from use

of the name and logo, or any other intellectual property belonging to Disco Amigos. [Doc. 30, paras. 46, 48, 55-57, 97-98, 103].

• Lenaz and Camenzuli's formation of a new Disco Amigos dance group (with Kim Janowski) and subsequent demand that every member of Disco Amigos choose whether to join the new Disco Amigos group or remain with the current Disco Amigos – thus operating as direct competitors to Disco Amigos for contracted services provided by "Disco Amigos." [Doc. 30, paras. 58-59, 98, 103].

• Lenaz and Camenzuli's (with Kim Janowski) filing of a state petition for a temporary restraining order, a permanent injunction, and for an involuntary dissolution in Civil District Court for the Parish of Orleans, State of Louisiana in Case No. 19-09947, falsely alleging that the Board was deadlocked in the management of corporate affairs and claiming intellectual property rights on behalf of Lenaz and Camenzuli; and now filing a federal action regarding same. [Doc. 30, paras. 61-63, 98, 103].

Seeking redress of the wrongful conduct, Disco Amigos pleaded counterclaims against ETDO, Lenaz, and Camenzuli. Currently pending are Counts I ("Unfair Competition, 'Passing Off'" under federal law), II ("Unfair Competition, False Advertisement" under federal law), III ("Exceptional Case" under federal law), IV ("Unfair Competition" under state law), V ("Injury to Business Reputation" under state law), VI ("False Advertising" under state law), and VII ("Negligent Interference" under state law) against ETDO as well as Lenaz and Camenzuli. Disco Amigos further pleaded counterclaims against Lenaz and Camenzuli only – Counts VIII ("Breach of Fiduciary Duty" under state law) and IX ("Breach of Duty of Care").

Turning to the Motion, the proposed order requests dismissal of "**all** claims against Jerry Lenaz and Francois Camezuli [sic]" [Doc. 34-3 (emphasis added)]. The Motion should be denied in its entirety for lack of any legal or factual basis for such relief.

## ARGUMENT

Federal district courts have "supplemental jurisdiction over all ... claims that are so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III," including "claims that involve the joinder or

intervention of additional parties." 28 U.S.C. § 1367(a); *see also State Nat. Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004). "The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they ... 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966)). Here, there is a "common nucleus of operative fact" between misappropriation of trademark rights by counter-defendants and Disco Amigos' state law claims against Lenaz and Camenzuli for breach of fiduciary duty and breach of duty of care while both counter-defendants were active Board Members of Disco Amigos.

Section 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over a claim if: (1) "the claim raises a novel or complex issue of State law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "the district court has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Consideration of those factors (and of judicial economy, convenience, fairness, and comity) lead to an inescapable conclusion that the exercise of supplemental jurisdiction is proper in this case because none of those outlined factors is present here. The state law issues raised are neither novel nor complex; while the state law claims ultimately resulted in the trademark dispute, they do not predominate over the intellectual property issues; the district court had not dismissed Disco Amigos' counterclaims; Counts VIII and IX (breaches of fiduciary duty and duty of care for their self-dealing and negligence by Lenaz and Camenzuli) are all related to the trademark rights; and no other exceptional circumstances compels declining jurisdiction. Quite to the contrary, the state law claims are all related to the wrongful use or intent-to-use by

counter-defendants, of Disco Amigos' trademarks, and their dismissal may not afford complete resolution of the controversy between the parties.

In particular, Disco Amigos alleged:

### I.  COUNTS I-III

Lenaz and Camenzuli's Motion and its memorandum rely solely upon the basis that the counterclaims against them should be dismissed for lack of supplemental jurisdiction [Doc. 34], i.e., because the counterclaims are unrelated to any federal law claim.  However, Counts I-III for federal unfair competition are claims against Lenaz and Camenzuli under federal law, the federal Lanham Act [15 U.S.C. § 1051, *et seq*.], to which the Court may exercise original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  Federal claims cannot be dismissed for lacking supplemental jurisdiction.  Lenaz and Camenzuli provided no factual or legal basis to dismiss these federal claims against them.  Therefore, Disco Amigos respectfully requests the Court to deny the Motion in reference to Counts I-III.

### II.  COUNTS IV-VII

Likewise, Lenaz and Camenzuli's Motion and its memorandum only argue that the counterclaims for the breaches of their fiduciary duty and duty of care are unrelated to the federal unfair competition claims [Doc. 34-1, p. 6, para. 1, and p. 8].  But the Motion contains absolutely no reference to Counts IV-VII (for state law unfair competition, state law injury to business reputation, state law false advertising, and state law negligent interference) being unrelated to federal unfair competition.  Nevertheless, it would be futile to argue the claims are unrelated.  Because Lenaz and Camenzuli provided no factual or legal basis to dismiss these state law claims against them, Disco Amigos respectfully requests the Court to deny the Motion in reference to Counts IV-VII.

### III.	COUNTS VIII-IX

Lenaz and Camenzuli's belief that the counterclaims for the breaches of their fiduciary duty and duty of care (for their self-dealing and negligence) are unrelated to the federal unfair competition claims [Doc. 34-1, p. 6, para. 1, and p. 8] is unfounded.

First, Lenaz and Camenzuli claim that their "alleged negligent conduct of failing to present a budget to the Non-Profit and breach of fiduciary duty by voting and staying on as executive committee members of the Non-Profit … is not an operative fact to the trademark issues" [Doc. 34-1, p. 6, para. 1]. However, this is a gross oversimplification and discounts the connection between these facts and the trademark controversy, over which this Court has federal question jurisdiction. Lenaz and Camenzuli engaged in the above cited breaches for the express purpose of disenfranchising the Disco Amigos board, i.e., depriving it of its power to object to ETDO's false claim of ownership of the name and logo. Indeed, the abuses of power outlined in Counts VIII-IX ultimately resulted in the trademark dispute that is at the very heart of this matter.

Moreover, Lenaz and Camenzuli's pretense that "failing to present a budget" and "voting and staying on as executive committee members" are their only derelictions is wishful thinking – that is, Lenaz and Camenzuli completely failed to address the following allegations of self-dealing and negligence:

- Lenaz and Camenzuli's – as Executive Committee members of the non-profit Disco Amigos and as owners of the for-profit ETDO PRODUCTIONS, LLC ("ETDO"), who previously only provided *production* services (i.e., sound, lighting, and effects equipment, and vehicular support) – **attempt to misappropriate the Disco Amigos name and logo in a licensing scheme for their own personal gain by falsely "licensing" the name and logo to ETDO and then in turn attempting to license same back to Disco Amigos**, **threatening to dissolve the Board and the entire 501(c)(7) if Disco Amigos did not sign the licensing agreement**, and **thereafter pronouncing that there was a deadlock of the Board**. [Doc. 30, paras. 28-41, 50-52, 97-98, 103].

- Lenaz and Camenzuli's filing of a federal application for registration of the Disco Amigos name under Serial No. 88/591,114 in the United States Patent and Trademark Office, **falsely claiming ETDO's exclusive ownership of the mark** among other things. [Doc. 30, para. 53, 98, 103].

- Lenaz and Camenzuli's filing of a federal application for registration of the Disco Amigos logo under Serial No. 88/591,141 in the United States Patent and Trademark Office, **falsely claiming ETDO's exclusive ownership of the mark** among other things. [Doc. 30, para. 54, 98, 103].

- Lenaz and Camenzuli's refusal to step down from their positions on the Board, and misrepresentation to the general members of Disco Amigos that they were **making changes in the structure of the organization in order to protect and manage their alleged trademarks, intellectual property, and assets**; and thereafter sending a cease-and-desist letter from ETDO to Disco Amigos and its representatives, accusing them of defamation and retracting any prior offers to license ETDO's alleged trademarks, and **attempting to bar Disco Amigos from use of the name and logo, or any other intellectual property belonging to Disco Amigos**. [Doc. 30, paras. 46, 48, 55-57, 97-98, 103].

- Lenaz and Camenzuli's formation of a new Disco Amigos dance group (with Kim Janowski) and subsequent **demand that every member of Disco Amigos choose whether to join the new Disco Amigos group or remain with the current Disco Amigos** – thus **operating as direct competitors to Disco Amigos for contracted services provided by "Disco Amigos."** [Doc. 30, paras. 58-59, 98, 103].

- Lenaz and Camenzuli's (with Kim Janowski) filing of a state petition for a temporary restraining order, a permanent injunction, and for an involuntary dissolution in Civil District Court for the Parish of Orleans, State of Louisiana in Case No. 19-09947, **alleging that the Board was deadlocked in the management of corporate affairs and claiming intellectual property rights on behalf of Lenaz and Camenzuli**; and now filing a federal action regarding same. [Doc. 30, paras. 61-63, 98, 103].

It is beyond reason how Lenaz and Camenzuli were only able to pull "failing to present a budget" and "voting and staying on as executive committee members" from the above allegations while ignoring the most pertinent facts – misappropriation of Disco Amigos trademarks. It is further beyond reason to argue that the intellectual property at issue here was not the motivation for Lenaz and Camenzuli's wrongful conduct under Counts VIII and IX, particularly their

licensing scheme and threatening to dissolve the Board and the entire 501(c)(7) if Disco Amigos did not sign the licensing agreement.

Next, Lenaz and Camenzuli claim the "evidence and witnesses required to prove these state law claims … are substantially different from the evidence and witnesses required to resolve the trademark dispute at issue and thus, do not constitute the same claim or controversy." [Doc. 34-1, p. 8]. Although true that the "trademark requires witnesses and evidence of first use of the trademark" and that the "state law claims require evidence of the internal resolutions and corporate by-laws" [Doc. 34-1, p. 8], *the alleged self-dealing and negligence turns upon the ownership of the intellectual property*. Lenaz and Camenzuli's defense for these state claims must include proving their ownership in the intellectual property – and the Motion fails to acknowledge how forcing these claims to proceed separately may result in inconsistent results in the ownership of the intellectual property. In fact, the legal question of trademark ownership and the evidence to be discovered and presented are identical, thus conferring supplemental jurisdiction on this Court over all claims before it. All facts alleged in the counterclaims are intrinsically related to the wrongful activities of counter-defendants, particularly Lenaz and Camenzuli. No basis exists to claim that somehow misappropriation of Disco Amigos trademark rights by counter-defendants is not so related to the state law claims of breach of fiduciary duty and breach of duty of care that the Court should dismiss all counterclaims.

Therefore, Disco Amigos respectfully requests the Court to deny the Motion in reference to Counts VIII-IX as the claims are related to Counts I-III against Lenaz and Camenzuli; and it is in the interest of the judicial economy and efficiency to allow all claims to proceed together.

## CONCLUSION

For the reasons explained above, Disco Amigos respectfully requests this Court to deny the Motion because Lenaz and Camenzuli provide no legal or factual basis for dismissing Counts I-IX.

**RESPECTFULLY SUBMITTED** this 7th day of April 2020.

/s./ *Thomas S. Keaty*
Thomas S. Keaty (#7666) - TA
KEATY LAW FIRM LLC
365 Canal Street, Suite 2410
New Orleans, Louisiana 70130
(504) 524-2100
tskeaty@keatypatentfirm.com

-and-

/s./ *Steven M. Hannan*
Steven M. Hannan (#33878)
Hannan, Giusti & Hannan L.L.P.
2201 Ridgelake Drive
Metairie, LA 70001
(504) 831-5300

*Attorneys for DISCO AMIGOS SOCIAL AID AND PLEASURE CLUB*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of April 2020, a copy of the foregoing *COUNTERCLAIMANT'S MEMORANDUM IN OPPOSITION TO JERRY LENAZ AND FRANCOIS CAMENZULI'S MOTION TO DISMISS FOR LACK OF SUPPLEMENTAL JURISDICTION* was served upon all known counsel of record via the Court's CM/ECF electronic filing system.

By: /s./ *Thomas S. Keaty*
**THOMAS S. KEATY**