## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ETDO PRODUCTIONS LLC**                                    **CIVIL ACTION**

**VERSUS**                                                  **NO. 19-13184**

**ALFREDO CRUZ, ET AL**                                     **SECTION "B"(3)**

### ORDER AND REASONS

Third-party defendants Jerry Lenaz and Francois Camenzuli filed a motion to dismiss Disco Amigos Social Aid and Pleasure Club's counterclaim for lack of supplemental jurisdiction. Rec. Doc. 34. Counterclaimant Disco Amigos Social Aid and Pleasure Club filed a memorandum in opposition. Rec. Doc. 38. Third-party defendants then sought, and were granted, leave to file a reply. Rec. Doc. 41.

For the reasons discussed below,

**IT IS ORDERED** that the motion to dismiss is **DENIED.**

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This trademark dispute arises from the use of the name "Disco Amigos" and a logo. Plaintiff, ETDO Productions LLC ("ETDO"), filed this suit on October 18, 2019 seeking declaratory relief and bringing claims for trademark infringement and dilution, unfair competition, and unfair business practices against defendants, Alfredo Cruz, Michelle Rossi, Michelle Hudak, Marisa Naquin, Sonya Bourgeois, Lisette Bayle, Renee Pastor, and Disco Amigos Social Aid and Pleasure Club ("Disco"). Rec. Doc. 1.

On January 10, 2020, defendants answered the complaint and filed a counterclaim against ETDO and third-party defendants Francois Camenzuli ("Camenzuli") and Jerry Lenaz ("Lenaz"). Rec. Doc. 30. Defendants asserted federal and state law claims against ETDO for unfair competition, false advertisement, injury to business reputation, and negligent interference. Id. Additionally, defendants asserted counterclaims and against Camenzuli and Lenaz for breach of fiduciary duty and breach of the duty of care as members of Disco's Board of Directors and Executive Committee. Id.

According to ETDO, Camenzuli created the phrase "Disco Amigos" on November 16, 2011 and Lenaz created the logo of a disco ball with horns and a nose ring on February 15, 2012. Rec. Doc. 1 at 6.

On May 16, 2012, Disco Amigos Social Aid and Pleasure Club, a non-profit, was formed with Camenzuli and Lenaz serving as the principal officers and board members of Disco. Id. at 7. According to ETDO, Camenzuli and Lenaz granted Disco implied licenses which allowed Disco to use the phrase "Disco Amigos" and the logo. Rec. Doc. 34-1 at 2.

In 2015, Camenzuli and Lenaz founded ETDO to manage Disco's assets and events and the intellectual property rights belonging to Camenzuli and Lenaz were transferred to ETDO. Rec. Doc. 34-1 at 3.

According to ETDO, on July 25, 2019, a proposal to sign a formal license agreement between ETDO and Disco was presented and discussed at a Disco Board meeting. Rec. Doc. 1 at 8 and 34-1 at 3. However, Disco's Board of Directors became deadlocked over the proposal and a final decision was not made. Id. According to Camenzuli and Lenaz, three members of the Disco's Board, who also comprise the Executive Committee of the Board, agreed that a license agreement with ETDO regarding Disco's use of the trademark was proper, but the other five Board members disagreed and insisted that such an agreement was unnecessary. Rec. Doc. 34-1 at 3. Five members of the Board argued that the trademark belonged entirely to Disco, not ETDO. Id. The remaining three members of the Board, who are also the Executive Committee of the Board of Directors, disagreed and tried to stop Disco's use of the trademark without an executed license agreement. Id. Per ETDO, when Disco failed to enter into a formal license agreement with ETDO, the implied licenses previously granted to Disco were revoked. Id. However, Disco continued and currently operates using the name and logo without ETDO's approval. Id.

Camenzuli and Lenaz filed the instant motion to dismiss Disco's counterclaims based on a lack of supplemental jurisdiction. Rec. Doc. 34. Disco filed a response in opposition, arguing that that the court has supplemental jurisdiction over its counterclaims because the counterclaims arise out of the trademark

dispute. Rec. Doc. 38. Camenzuli and Lenaz then filed a reply clarifying that its motion for dismissal for lack of supplemental jurisdiction refer only to Disco's counterclaims for the breach of fiduciary duty and breach of the duty of care. Rec. Doc. 41.

## LAW AND ANALYSIS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of a case or a particular claim for lack of subject-matter jurisdiction. "The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6)." *Powell v. Hunter*, 2012 WL 253105, No. 11-1640, at *2 (E.D. La. Jan. 25, 2012). However, when considering a motion to dismiss under Rule 12(b)(1), courts may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.*

### Subject Matter Jurisdiction Over Counterclaims

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). By statute, Congress has delineated two primary bases for original subject-matter jurisdiction in federal courts: federal

4

question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331-1332. Additionally, in 1990, Congress enacted the supplemental jurisdiction statute, which provides in part: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Accordingly, certain claims may remain in federal court even if they do not meet the requirements for original jurisdiction so long as they form the same "case or controversy" as the claims with original jurisdiction.

The Supreme Court of the United States defined the case-or-controversy standard while explaining the outer limits of what was then known as "pendent jurisdiction" in *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). The Court defined a single case or controversy as one in which all the claims "derive from a common nucleus of operative fact," such that one would expect them to be tried in a single judicial proceeding. *Gibbs*, 383 U.S. at 725. "Legislative history makes clear that Congress intended to codify the result in [*Gibbs*]" with the passage of § 1367. Wright & Miller, et al, *Federal Practice and Procedure* § 3567.1. Since then, courts have found that a "loose factual connection between

5

the claims is generally sufficient" to meet the common-nucleus standard. *CheckPoint Fluidic Sys. Int'l, Ltd. v. Guccione*, No. CIV.A. 10-4505, 2012 WL 195533, at *3 (E.D. La. Jan. 23, 2012). Additionally, "[a] court's determination of whether to exercise supplemental jurisdiction is guided by considerations of judicial economy, convenience and fairness to litigants." *Id.*

Camenzuli and Lenaz argue that Disco's state law counterclaims for breach of duties do not have a common nucleus of operative facts to the trademark claims. Rec. Doc. 41. Camenzuli and Lenaz assert that the state law claims for the breach of duties do not address the same facts as the trademark dispute and although there would be some overlap in witnesses, the focus of the trademark claims and the claims for breach of duties are different. Id.

In support of its assertion, Camenzuli and Lenaz cite a case from the Eastern District of Virginia, which this court is not bound to follow, *Mason v. Richmond Motor Co.*, 625 F. Supp. 883 (E.D. Va. 1986), aff'd, 825 F.2d 407 (4th Cir. 1987). In *Mason*, the Eastern District of Virginia refused to exercise pendent jurisdiction over state law claims asserted by a plaintiff for breach of oral contract and a duty of fair dealing in an action brought under the Age Discrimination In Employment Act, 29 U.S.C. § 621, although the oral contract and fair dealing claim arose out of the plaintiff's employment with the defendant. *Id.* In

6

particular, the court in *Mason* took exception to the concept that only a "loose factual connection" between the federal and State claims is required to empower the federal court to exercise pendent jurisdiction. *Id.* at 886. The court found that the facts which operate to give rise to the federal claim must be the facts which operate to give rise to a State claim. *Id.*

Disco's memorandum in opposition opposes Camenzuli and Lenaz's logic and Disco argues that the state law claims for breach of duties are so related to the trademark claims that the state law violations resulted in the trademark dispute at issue. Rec. Doc. 38. Disco argues that the trademark dispute was the motivation behind Camenzuli and Lenaz wrongful conduct underlying the claims for breach of fiduciary duties and breach of the duty of care. Id. at 8. Further, Disco asserts that Camenzuli and Lenaz's defense to the state law claims include proving ownership in the intellectual property and that forcing these claims to proceed separately may result in inconsistent results in the ownership of the intellectual property at the root of the instant case. Id.

At the outset, Camenzuli and Lenaz's reliance on *Mason* is insufficient. As stated earlier, courts have found that a "loose factual connection between the claims is generally sufficient" to meet the common-nucleus standard. 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* §§ 3567.1, at 117 (2d ed.1984); see *Guccione*, 2012 WL 195533 at *3;

*Hankins v. Yellow Fin Marine Servs., LLC*, No. CV 15-2494, 2015 WL 9004447, at *3 (E.D. La. Dec. 16, 2015); and *Bennett v. Biamont*, No. CIV.A.01-2717, 2002 WL 1611639, at *2 (E.D. La. July 19, 2002). This Court disagrees with *Mason*. Further, Camenzuli and Lenaz provide nor has this Court found Fifth Circuit precedent that has determined a loose factual connection is insufficient.

Here, while different allegations form the bases of ETDO's claim and Disco's counterclaim, all of the allegations form a common nucleus of facts. The main issue in this litigation is to determine who owns the intellectual property. A pivotal part of Disco's counterclaims against Camenzuli and Lenaz lies on the issue of whether Camenzuli and Lenaz, and eventually ETDO, own the intellectual property. Moreover, all the claims stem from Camenzuli and Lenaz interaction with both ETDO and Disco. Deciding both sets of claims in a single proceeding will also facilitate judicial economy and convenience by avoiding redundant proceedings. Therefore, both sets of claims arise from a common nucleus of operative fact and Disco's counterclaim falls under the umbrella of this Court's supplemental jurisdiction. Further, the Court expresses no opinion on the merits of any of the claims.

New Orleans, Louisiana this 7th day of July, 2020

SENIOR UNITED STATES DISTRICT JUDGE