UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ETDO PRODUCTIONS, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **ALFREDO CRUZ, MICHELE ROSSI, MICHELE HUDAK, MARISA NAQUIN, SONYA BOURGEOIS, LISETTE BAYLE, RENEE PASTOR**, and **DISCO AMIGOS SOCIAL AID AND PLEASURE CLUB**, <br><br> Defendants. <br><br> **DISCO AMIGOS SOCIAL AID AND PLEASURE CLUB**, <br><br> Counterclaimant, <br><br> v. <br><br> **ETDO PRODUCTIONS, LLC**, **JERRY LENAZ**, and **FRANCOIS CAMENZULI**, <br><br> Counter-Defendants. | **CIVIL ACTION NO. 19-CV-13184-ILRL-DMD** <br><br> **JUDGE IVAN L.R. LEMELLE** <br><br> **MAGISTRATE JUDGE DANA M. DOUGLAS** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

Defendants Disco Amigos Social Aid and Pleasure Club, Alfredo Cruz, Michele Rossi, Michele Hudak, Marisa Naquin, Sonya Bourgeois, Lisette Bayle, and Renee Pastor (collectively the "Non-Profit"), by and through undersigned counsel, respectfully request this Honorable Court to grant this motion *in limine* to exclude any argument, witness testimony, documentary evidence, or other reference to the new alleged material facts and new legal theories set forth by Plaintiff for the first time in the "Joint" Proposed Pre-Trial Order [Doc. 85].

In support thereof:

-1-

On September 28, 2020, rather than review the Non-Profit's inserts to a draft of a joint proposed pre-trial order (first revision), with two and a half hours before the deadline, and without an attempt to confer about requesting a reasonable extension of time from the Court (i.e., without exhausting all reasonable alternatives), counsel for Plaintiff (and Counter-Defendants) went ahead and unilaterally submitted their Proposed Pre-Trial Order [Doc. 79] comprising of their inserts only. Soon after, counsel for the Non-Profit filed their Proposed Pre-Trial Order [Doc. 80] comprising of the inserts of all parties.

On October 2, 2020, the Court accordingly issued an Order [Doc. 82] requiring the parties to resubmit a joint proposed pre-trial order on or before October 6, 2020.

On Saturday, October 3, 2020 at 6:06 PM, counsel for the Non-Profit received a revised draft of the joint proposed pre-trial order (second revision) and comments from counsel for Plaintiff. Notably, the correspondence indicated Plaintiff "will be making ***some* additional *changes*** to the summary section …" (emphasis added). A true and correct copy of this correspondence is attached as Exhibit 1 hereto.

On Monday, October 5, 2020 at 8:23 PM, counsel for the Non-Profit sent a proposed final revision of the joint proposed pre-trial order (third revision, including a clean copy and a redline copy) to counsel for Plaintiff. Notably, no substantive changes were made to the revised draft from Plaintiff – only changes to style, grammar, format, etc. A true and correct copy of this correspondence is attached as Exhibit 2 hereto.

On Tuesday, October 6, 2020 at 6:50 PM, having not heard from counsel for Plaintiff, counsel for the Non-Profit re-sent the proposed final revision of the joint proposed pre-trial order to counsel for Plaintiff and gave permission to file same – assuming there were no substantive changes by Plaintiff to the joint proposed pre-trial order. A true and correct copy of the referenced

clean copy of the proposed final revision of the joint proposed pre-trial order and the accompanying correspondence are attached as a collective Exhibit 3.

Unfortunately, that is not what occurred. Instead, on October 6, 2020 at 8:11 PM, counsel for Plaintiff filed her own version of a "joint" proposed pre-trial order [Doc. 85] without first circulating it to counsel for the Non-Profit. Unbeknownst to the Non-Profit and their counsel, counsel for Plaintiff substantially modified Plaintiff's portion of Section 6, Summary of the Material Facts Claimed by the Parties. **In that Section, Plaintiff for the first time alleged new material facts and introduced new legal theories that have not been alleged in ANY of Plaintiff's pleadings or motions, not even in Plaintiff's first filed Proposed Pre-Trial Order [Doc. 79].** These changes were not just "some additional changes" to material facts claimed by Plaintiff, but amount to a rewrite comprising of new and substantive material facts and legal theories alleged by Plaintiff.[1] These actions by Plaintiff require that Doc. 85 be stricken in its entirety and disregarded, as more fully explained below. Alternatively, the Non-Profit respectfully requests that, to prevent grave injustice to defendants at trial, only the October 5, 2020 version of Plaintiff's portion of Section 6 (Summary of the Material Facts Claimed by the Parties) be permitted to be introduced at trial in this matter in lieu of the filed, uncirculated version found in Doc. 85.

As an example, the filed, uncirculated version in Doc. 85 now alleges:

Inspired by the professional performance troupe Cirque du Soleil, Lenaz and Camenzuli's mission from the outset was to create an organization to "create, produce and perform interactive events that invoke freedom of creativity and collaboration to evoke pleasure and enhance people's lives" [Disco Amigos Mission Statement] and established a goal to host the "World's Largest Disco." *To achieve this mission and goal, they created two separate organizations, a non-profit social club so members could participate in Mardi Gras parades promoting the Disco Amigos brand, and ETDO Productions, a for-profit organization to*

---

[1] The changes essentially amount to a retcon of this entire litigation.

*oversee their Disco Amigos trademark and intellectual property, manage their physical assets and provide the strategic vision and resources needed to implement the mission and goals of the Disco Amigos.*[2]

Another example of the fiction created by Plaintiff:

*From the inception of the trade name and logo, Camenzuli, Lenaz, and John Tiblier acted as an informal joint venture ("ETDO-JV") to manage the Disco Amigos brand through the website www.discoamigos.com, Facebook and Twitter accounts. ETDO-JV solicited others to join their mission to be a part of something "revolutionary/discolucionary" and presented the concept of creating two separate organizations - a social aid and pleasure club to perform in parades and ETDO Productions to produce Discothemed events, dance practices, and paying gigs using the trademark Disco Amigos.* After generating interest from nearly 20 people, *ETDO-JV concluded they should formalize the organizations* so they could participate in Mardi Gras parades and produce other events for greater exposure and publicity.

Concurrently*, ETDO-JV formed a 501c7 nonprofit social club to better manage members' finances, secure insurance, and reduce members' liability, and initiated the formation of ETDO Productions, LLC ("ETDO") allowing Lenaz, Camenzuli, and Tiblier to retain control of their intellectual property and physical assets, reduce personal liability, and manage the operations, branding, and future growth of both entities*. Lenaz, Camenzuli, and Tiblier were instrumental in forming the nonprofit, Disco Amigos Social Aid and Pleasure Club ("Nonprofit") on May 16th, 2012, and established an Executive Committee on which *they served to supervise the operations, branding, and quality of the organization's activities*. ETDO-JV granted the Nonprofit a non-exclusive implied license to use the trademark, logo, and intellectual *property knowing they would be in leadership roles to ensure the use of these assets met their overall goals and vision.*[3]

The above are just two examples of a new storyline advanced by Plaintiff. The new storyline vividly demonstrates a total disregard for the truth that Plaintiff exhibited throughout this litigation. The remainder of Plaintiff's portion of their Summary of "Material Facts" is similarly a product of Plaintiff's imagination. This storyline was never part of the original Complaint [Doc.

---

[2] Italicized text represents a new spin on the facts that were imagined by Plaintiff to fit their new legal theories.
[3] The entire concept of the "joint venture" is a fiction, also recently created by Plaintiff.

1], nor was it a part of the Motion for Summary Judgment [Doc. 47] filed by Plaintiff, nor was it even part of the first Proposed Pre-Trial Order [Doc. 79] filed by Plaintiff.[4] This new storyline also directly contradicts allegations made by Counter-Defendants in their state court action, where Jerry Lenaz and Francois Camenzuli claim to be the only true owners of the trademarks at issue in this lawsuit.

The Non-Profit anticipates counsel for Plaintiff arguing that she can revise Plaintiff's portion of Section 6, Summary of the Material Facts Claimed by the Parties, when and as she deems fit. However, that is not true. First, the Non-Profit never had a chance of explore these new alleged material facts and new legal theories during discovery or during the motion period. The Non-Profit did not have an opportunity to advance any discovery requests to Plaintiff or Counter-Defendants to demand proof of these new alleged material facts and support for the new legal theories. Second, the Non-Profit never had an opportunity to review these new alleged material facts and new legal theories while conferring about the joint proposed pre-trial order, and therefore was unable to object or respond to such before filing. Consequently, the Non-Profit is prejudiced by Plaintiff's eleventh-hour actions and the Non-Profit will be greatly disadvantaged if Plaintiff and Plaintiff's witnesses introduce these new material "facts" and new legal theories during trial. For these reasons, the Non-Profit respectfully requests that the Court issue an order precluding any reference to these new material "facts" and new legal theories from being admitted at trial.

## CONCLUSION

In view of the above, the Non-Profit respectfully requests that Plaintiff's Doc. 85 be stricken in its entirety and disregarded; and that Plaintiff be ordered to file a substitute joint

---

[4] *Cf.* Docs. 79 and 80 *with* Doc. 85.

proposed pre-trial order with the correct (October 5, 2020) version of their portion of Section 6 (Summary of the Material Facts Claimed by the Parties) for introduction at trial of this matter, and that Plaintiff and Plaintiff's witnesses be allowed to testify only to the facts set forth in same.

**RESPECTFULLY SUBMITTED** this 12th day of October 2020.

/s/ *Thomas S. Keaty*
Thomas S. Keaty (#7666) – TA
KEATY LAW FIRM LLC
365 Canal Street, Suite 2410
New Orleans, Louisiana 70130
(504) 524-2100
tskeaty@keatypatentfirm.com

-and-

/s/ *Steven M. Hannan*
Steven M. Hannan (#33878)
Hannan, Giusti & Hannan L.L.P.
2201 Ridgelake Drive
Metairie, Louisiana 70001
(504) 831-5300
steven@hghlaw.com

*Attorneys for ALFREDO CRUZ, MICHELE ROSSI, MICHELE HUDACK, MARISA NAQUIN, SONYA BOURGEOIS, LISETTE BAYLE, RENEE PASTOR and DISCO AMIGOS SOCIAL AID AND PLEASURE CLUB*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 12, 2020 a copy of the above and foregoing DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE was served upon all known counsel of record via the Court's CM/ECF electronic filing system.

By: /s/ *Thomas S. Keaty*
**THOMAS S. KEATY**