## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ETDO PRODUCTIONS, LLC**, | * |
| | * |
| Plaintiff, | * |
| | * **CIVIL NO. 19-CV-13184-ILRL-DMD** |
| v. | * |
| | * |
| **ALFREDO CRUZ, MICHELE ROSSI,** | * |
| **MICHELE HUDAK, MARISA NAQUIN,** | * **JUDGE IVAN L.R. LEMELLE** |
| **SONYA BOURGEOIS, LISETTE BAYLE,** | * |
| **RENEE PASTOR**, and **DISCO AMIGOS** | * |
| **SOCIAL AID AND PLEASURE CLUB**, | * |
| | * **MAG. JUDGE DANA M. DOUGLAS** |
| Defendants, | * |
| | * |
| **DISCO AMIGOS SOCIAL AID AND** | * |
| **PLEASURE CLUB**, | * |
| | * |
| Counterclaimant, | * |
| | * |
| **ETDO PRODUCTIONS, LLC**, **JERRY** | * |
| **LENAZ**, and **FRANCOIS CAMENZULI**, | * |
| | * |
| Counter-Defendants. | * |

*****************************************************************************

### DEFENDANTS' AND COUNTERCLAIMANT'S PROPOSED
### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the Court's Order, Defendant and Counterclaimant, Disco Amigos Social Aid and Pleasure Club ("Nonprofit"), and Defendants, Alfredo Cruz, Michele Rossi, Michele Hudak, Marisa Naquin, Sonya Bourgeois, Lisette Bayle, and Renee Pastor, by and through their attorneys, respectfully submit the following proposed findings of fact and proposed conclusions of law concerning the matters that will be tried to the Court, including, the declaratory judgment actions of non-infringement before the trial of the case.

-1-

## I.   INTRODUCTION

This case concerns ownership of two service marks, DISCO AMIGOS (word mark) and DISCO AMIGOS LOGO shown below:



Both marks are used in connection with entertainment and educational services, namely dance performances and dance instructions in the style of disco dancing.  While Nonprofit has been exclusively and continuously using these marks in commerce since May 2012, Plaintiff and Counter-Defendants claim ownership of the marks by virtue of Counter-Defendants Jerry Lenaz ("Lenaz") and Francois Camenzuli ("Camenzuli") creating the marks sometime at the end of 2011 – beginning of 2012 and then, unbeknownst to Defendants, allegedly assigning their intellectual property rights in the contested marks to Plaintiff and Counter-Defendant ETDO Productions, LLC ("ETDO") in 2015.

## II.   PROPOSED FINDINGS OF FACT

*Background*

1. Plaintiff and Counter-Defendant ETDO is a Louisiana limited liability company organized on January 15, 2015.

2. Defendant Nonprofit is a Louisiana nonprofit corporation incorporated on May 16, 2012 and is recognized as a tax-exempt organization under Internal Revenue Code Section 501(c)(7).

3. Defendants Alfredo Cruz, Michele Rossi, Michele Hudak, Marisa Naquin, Sonya Bourgeois, Lisette Bayle, and Renee Pastor are individual members of Nonprofit.

4. Counter-Defendants Lenaz and Camenzuli are two of the four owners of ETDO and former members of Nonprofit's Executive Committee. Lenaz and Camenzuli are also two of the founding members of Nonprofit.

5. In their dual roles as owners of ETDO and Board members of Nonprofit, to avoid conflict of interests, Lenaz and Camenzuli usually recused themselves from discussions concerning ETDO – Disco Amigos Production Services Agreement (Trial Exhibit Pages 90-94).

6. Camenzuli and Lenaz, respectively, created the name DISCO AMIGOS and DISCO AMIGOS LOGO, a mirrored disco ball with symmetrical bull horns and nose ring, some time at the end of 2011 – beginning of 2012.

7. Nonprofit provides entertainment and educational services in the form of dance performances and dance instructions, participating in Mardi Gras parades in New Orleans as a dance group. Nonprofit also performs as a disco-styled dance group at various charity events.

8. ETDO is a production services company that was used as one of Nonprofit's vendors, particularly for providing auxiliary services to Nonprofit in the form of sound equipment, transportation, music, DJ services, and the like.

9. Despite being a merely production services company, ETDO claimed ownership of Nonprofit's intellectual property, namely DISCO AMIGOS mark and DISCO AMIGOS LOGO, through an assignment from Lenaz and Camenzuli allegedly executed on January 15, 2015 but never recorded and never brought to Nonprofit's Board until September 3, 2019, shortly after Lenaz and Camenzuli's terms in office as Executive Committee members expired on August 31, 2019.

*The Civil Action*

10. On October 18, 2019, ETDO filed this lawsuit (Doc. 1) claiming common-law federal trademark infringement, violation of Louisiana State Unfair Trade Practices Act under La. R.S. 51:1401 *et seq.*, trademark dilution and violation of unfair competition under La. R.S. 51:223, and seeking injunctive relief under La. R.S. 51:223.

11. On January 10, 2020, Defendants filed an Answer and their Counterclaims against ETDO, Lenaz, and Camenzuli (Doc. 30) for unfair competition, "Passing Off," false advertising under 15 U.S.C. § 1125(a), unfair competition under La. R.S. 51:1409, injury to business reputation under La R.S. 51:223.1, false advertising under La. R.S. 51:411, and negligent interference under La. Civ. Code art 2315; as well as for breach of fiduciary duty by Lenaz and Camenzuli and breach of duty of care by Lenaz and Camenzuli.

12. ETDO alleges that it is the owner of the intellectual property rights associated with DISCO AMIGOS mark and DISCO AMIGOS LOGO by virtue of the assignment signed by Lenaz and Camenzuli on January 15, 2015. (Docs. 1, ¶¶ 14 and 32, and 1-1, p. 33).

13. Defendants were unaware of the alleged assignment until September 3, 2019, shortly after Lenaz and Camenzuli's term in office as Executive Committee members expired on August 31, 2019. (Docs. 51-2 -5).

14. In ETDO's Motion for Summary Judgment (Doc. 47-1), ETDO claimed that "Mr. Lenaz and Mr. Camenzuli granted the Non-Profit a non-exclusive implied licenses which allowed the Non-Profit to use their respective trademarks and intellectual properties: namely the trademark phrase 'Disco Amigos' coined by Mr. Camenzuli and the logo designed by Mr. Lenaz." (Doc. 47-1, p. 4). However, no license document was produced, and Defendants were unaware of existence

of such license. No license was presented until 2019 when Lenaz and Camenzuli demanded that Nonprofit sign an express license for use of the contested marks. Nonprofit refused.

15. ETDO alleges that "Camenzuli, Lenaz, and Tiblier acted as an informal joint venture ('ETDO-JV') to manage the *Disco Amigo* brand through the website www.discoamigos.com, Facebook, and Twitter accounts." (Doc. 89, p. 15, ¶ 10). However, no documents attesting to the existence of the joint venture were produced.

16. On September 20, 2019, Janowski, Lenaz, and Camenzuli filed a Petition for temporary restraining order and a permanent injunction and for involuntary dissolution of the Nonprofit in the Civil District Court for the Parish of Orleans against Defendants, alleging that Lenaz and Camenzuli owned DISCO AMIGOS mark and DISCO AMIGOS LOGO. The state court Petition does not list ETDO as owner of the intellectual property, nor does it refer to the alleged assignment or joint venture. (Trial Exhibit Pages 1068-1095 and Docs. 89, ¶ 157, and 1-1, pp. 57-84).

17. Starting in May 2012 and continuously thereafter, Nonprofit was the only entity providing services to the public under DISCO AMIGOS mark and DISCO AMIGOS LOGO. (Docs. 51-2 -8).

18. Nonprofit's Bylaws provide that the Board of Directors of Nonprofit, through its committees, manages operations of Nonprofit, controlling quality of services provided to the public under DISCO AMIGOS mark and DISCO AMIGOS LOGO. (Trial Exhibit Pages 35-41).

19. Nonprofit's Bylaws 7.4.1.4 empowers the Nonprofit's Board of Directors to approve decisions to borrow money, incur debt, grant a security interest; alienate, lease, or encumber all or substantially all of the assets of the organization. (Trial Exhibit Page 37 and Doc. 89, p. 13, ¶ 25).

20. Nonprofit's Board of Directors did not authorize several payments made to ETDO by Lenaz from Nonprofit's account.

21. After their terms on the Executive Committee expired, Lenaz and Camenzuli breached their fiduciary duty: they (a) failed to step down after their term, (b) did not act on Board resolutions, and (c) threatened to dissolve the Board if an agreement was not reached on the trademarks. (Doc. 47-1, pp. 9-10)

22. As members of Executive Committee, Lenaz and Camenzuli breached their duty of care: they (a) failed to present a budget, (b) profited from Nonprofit, (c) did not timely address financial matters, and (d) made payments to ETDO without board authorization. (Doc. 30, p. 41).

23. Through continuous and exclusive use by Nonprofit, the public has come to associate DISCO AMIGOS mark and DISCO AMIGOS LOGO with Nonprofit.

### III. PROPOSED CONCLUSIONS OF LAW

1. To successfully assert an infringement claim under the Lanham Act, a party must (1) establish ownership in a legally protectible mark and (2) prove infringement by demonstrating a likelihood of confusion. *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235-36 (5th Cir. 2010) (citing *Bd. Of Supervisors for La. State Univ. Agric. and Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 474 (5th Cir. 2008)).

2. To establish ownership, the party must prove it has (1) adopted the mark and (2) was used in a sufficiently public way that the public may identify the party as the adopter of the mark. *Blue Bell, Inc. v. Farah Mfg. Co., Inc.*, 508 F.2d 1260, 1265 (5th Cir. 1975). The use requirement demands more than a party's mere conception or advertisement of the mark, but its sale of services to the public that was actually rendered. *Id.* For services, a mark is in "use in

commerce" when it is "used or displayed in the sale or advertising of services and the services are rendered in commerce."  15 U.S.C. § 1127.

3. When deciding a trademark ownership dispute among board members of the same organization, the Federal Circuit established a three-part framework to determine ownership: "(1) the parties' objective expectations; (2) who the public associates with the mark; and (3) to whom the public looks to stand behind the quality of goods or services under the mark."  *Lyons v. American College of Veterinary Sports*, 859 F.3d 1023, 1026 (Fed. Cir. 2017).

4. Lenaz and Camenzuli's creation of the marks, without continuous use in commerce, does not establish their ownership of the marks.

5. The alleged assignment of the marks to ETDO in 2015 is null and void as neither Lenaz nor Camenzuli had any rights in the marks at the time of the assignment.

6. Members of Nonprofit joined the Nonprofit with the understanding that DISCO AMIGOS mark and DISCO AMIGOS LOGO belonged to Nonprofit (Docs. 51-2 -8); neither Lenaz, nor Camenzuli, nor ETDO made public the fact of their alleged assignment of intellectual property to ETDO,  *id*.; and had the members known that Lenaz and Camenzuli would claim ownership of the marks, they would not have dedicated their energy and talents to promoting the marks through their services for the benefit of Nonprofit. *Id*.

7. Through exclusive and continuous use of the marks in commerce by Nonprofit, the public associates the marks with Nonprofit only and not with ETDO, or Lenaz, or Camenzuli.

8. The Board of Directors of Nonprofit manages the services provided under the mark and controls quality of such services.

9. As the exclusive user of DISCO AMIGOS mark and DISCO AMIGOS LOGO for eight years (from 2012-2020), Nonprofit is the true owner of these marks.

10. The true owner of the marks cannot be liable for infringing its own marks.

11. As a result of Counter-Defendants' infringement of Nonprofit's marks, Nonprofit suffered damages, which must be compensated by Counter-Defendants.

12. Counter-Defendants' activities violate Louisiana Unfair Trade Practices Act, as a result of which Nonprofit suffered damages, which must be compensated.

13. Lenaz and Camenzuli breached their fiduciary duty owing to Nonprofit by ignoring the Board's resolutions, refusing to step down as Board members, and filing the lawsuit to dissolve the Board.

14. Lenaz and Camenzuli breached their duty of care by failing to present budget to the Board, profiting from Nonprofit, and by making unauthorized payments from Nonprofit account to their own for-profit company ETDO.

## CONCLUSION

For the reasons explained above, the Court should find that Plaintiff cannot prevail on its infringement and unfair competition claims or injunctive relief and dismiss Plaintiff's claims with prejudice.

For the reasons explained above, the Court should grant Counterclaimant's relief on their claims for trademark infringement, unfair competition, unfair trade practices, breach of fiduciary duty, and breach of care.

**RESPECTFULLY SUBMITTED** this 19th day of October 2020.

/s/ *Thomas S. Keaty*
Thomas S. Keaty (#7666) – TA
KEATY LAW FIRM LLC
365 Canal Street, Suite 2410
New Orleans, Louisiana 70130
(504) 524-2100
tskeaty@keatypatentfirm.com

-and-

/s/ *Steven M. Hannan*
Steven M. Hannan (#33878)
Hannan, Giusti & Hannan L.L.P.
2201 Ridgelake Drive
Metairie, Louisiana 70001
(504) 831-5300
steven@hghlaw.com

*Attorneys for ALFREDO CRUZ, MICHELE ROSSI, MICHELE HUDACK, MARISA NAQUIN, SONYA BOURGEOIS, LISETTE BAYLE, RENEE PASTOR and DISCO AMIGOS SOCIAL AID AND PLEASURE CLUB*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 19, 2020 a copy of the above and foregoing DEFENDANTS' AND COUNTERCLAIMANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW was served upon all known counsel of record via the Court's CM/ECF electronic filing system.

By: /s/ *Thomas S. Keaty*
    **THOMAS S. KEATY**